**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| | : Hon. Faith S. Hochberg, U.S.D.J. |
| | : |
| | : MDL No. 1479 |
| | : Master File No. 02-1390 |
| | : |
| IN RE NEURONTIN ANTITRUST LITIGATION | : **OPINION & ORDER** |
| | : |
| | : Date: June 9, 2011 |
| | : |
| | : |
| | : |
| | : |
| | : |

**HOCHBERG, District Judge**.

This matter comes before the Court on Defendants' Pfizer Inc. and Warner-Lambert Company LLC Appeal of Magistrate Judge Shwartz's January 24, 2011 Order and Opinion.  The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

Plaintiffs in the instant action each directly purchased Neurontin, a brand-name version of the drug compound gabapentin anhydrous from Defendants Pfizer, Inc. and Warner-Lambert Company, LLC.   In their Amended Complaint, Plaintiffs allege that Warner-Lambert engaged in an overarching anti-competitive scheme to acquire and maintain monopoly power in the market for gabapentin products in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.[1]

---

[1]  Pfizer is alleged to have carried out this scheme by: (1) procuring two additional patents that it improperly listed in the Orange Book; (2) manipulating the patent approval process so that a third patent with claims so limited that they are impossible to accurately measure or distinguish from the prior art enabling the patent to be used to delay generic entry; (3) filing and prosecuting multiple sham lawsuits on these patents that no reasonable litigant could have expected to succeed; and (4) engaging in fraudulent off-label promotion to convince doctors to prescribe

Plaintiffs claim that these actions were designed to, and did, in fact, delay the entry of generic gabapentin into the market until late 2004. Plaintiffs allege that but for Warner-Lambert's anti-competitive scheme, generic manufacturers would have entered the market at lower prices as early as 2000. As a result of this delayed entry, Plaintiffs contend that they and other direct purchasers of Neurontin were foreclosed from the opportunity of purchasing lower-priced generic versions of the drug for years, and were accordingly compelled to pay non-competitive prices for gabapentin.

I.      PROCEDURAL HISTORY

This case was filed on March 26, 2002. On August 15, 2002, the Judicial Panel on Multi-District Litigation transferred all related antitrust actions to this District. On October 23, 2002, this MDL was stayed pending resolution of the summary judgment motions in In re Gabapentin Patent Litigation, (00-2931) (FSH) (D.N.J.).

On May 13, 2004, a criminal information was filed against Pfizer in United States v. Warner-Lambert Co., Crim. No. 04-10150 (D. Mass. 2004). On June 7, 2004, Pfizer pled guilty to illegal marketing of Neurontin for off-label uses.

On February 27, 2008 – following the remand of In re Gabapentin Patent Litigation by the Federal Circuit – this Court lifted all stays and affirmed the previously established April 1, 2008 deadline for Defendants to answer, move or otherwise respond to the Amended Complaint. Defendants filed motions to dismiss, the first of which was terminated as moot on April 2, 2009 and the second of which was denied on August 28, 2009.

_____

Neurontin for uses for which it was not approved.

2

On November 3, 2009, Defendants filed their Answers, in which they denied promoting Neurontin for off-label uses.

A.    Disputes About Rule 30(b)(6) Witnesses

On December 10, 2009, Magistrate Judge Shwartz ordered Defendants to produce a Rule 30(b)(6)[2] witness "to testify about off-label marketing for neurodegenerative diseases and and the factual basis for the off-label uses denials in its Answer."[3]

In response to Judge Shwartz's order, Defendants produced James Gibney as Pfizer's Rule 30(b)(6) witness, and he was deposed on March 17, 2010.

On April 5, 2010, Plaintiffs moved for sanctions to be imposed against Defendants based on Gibney's failure to provide the factual bases for Defendants' denials of off-label uses.

In considering Plaintiffs' motion, Judge Shwartz found that Defendants had failed to produce a suitable Rule 30(b)(6) witness who could testify as to the off-label use issues in

---

[2]  This rule provides that:

[I] its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

[3]  (Dkt. No. 264)

Defendants' Answers as part of "a litigation technique...that led to non-responsiveness."[4]  In her

April 15, 2010 Order, Judge Shwartz directed Defendants to:

> (1) pay the plaintiffs' attorneys' fees and costs for the March 17, 2010 deposition
> and the April 5, 2010 submission; and (2) produce a Rule 30(b)(6) witness also to
> provide facts upon which it has denied off label uses. This witness shall also be
> prepared to provide the factual basis and explanation as to how the denials in its
> Answer regarding off-label uses and the marketing of the product for off label
> uses is consistent with its public actions, including but not limited to its guilty
> plea and marketing activity. The defendant shall pay the plaintiffs' attorneys fees
> and costs attending and conducting the deposition no later than fourteen days after
> the date of the deposition. Failure to produce a Rule 30(b)(6) witness prepared to
> testify as directed herein and in the Order dated December 10, 20[09] may result
> in the imposition of the sanctions that plaintiffs requested in the April 5, 2010
> submission.

Dkt. No. 318.  On May 17, 2010, Judge Shwartz denied Defendants' motion for reconsideration

of the April 15, 2010 Order.

        B.        Deposition of Rady Johnson

        Defendants next produced Rady Johnson, chief counsel of Pfizer's Specialty Care Unit,

as the corporate designee for the purposes outlined in Judge Shwartz's Order, and Johnson was

deposed on June 15, 2010.

        At his deposition, Johnson testified that he was not involved in the preparation of the

Answers, nor was he aware of any other Pfizer employees who were involved in the preparation

of the Answers.  Johnson Dep. Tr. 28:12-28:17.

        Throughout the deposition, Johnson relied upon an outline prepared by defense counsel,

Skadden, Arps, Slate, Meagher & Flom.[5] ("PHV Counsel")  See Johnson Dep. Tr. 51:11-51:14.

------

[4]  Dkt. No. 324 at 13-14.

[5]  In her January 25, 2011 Opinion, Magistrate Judge Shwartz referred to counsel from
Skadden as Pro Hac Vice Counsel or "PHV Counsel."

The outline, entitled "Factual Bases for the Denials Relating to Off-Label Allegations," is a 46 page document which identifies various factual allegations in the Complaint and lists in numbered paragraphs statements and citations purporting to outline support for Defendants' denials of those allegations.

When Plaintiffs' counsel asked Johnson whether the substance of the outline had changed during his preparation for the testimony, PHV Counsel asserted a work product objection. Johnson Dep. Tr. 54:13-54:20.  PHV Counsel represented that the document contained "facts that [counsel] marshaled for the witness."  Id. at 54:24-55:3.  When Plaintiffs' counsel asked Johnson to put the outline away and answer questions without it, PHV Counsel responded:

> No, this is not – counsel, this is not a memory test.  You are talking about collecting information and documents including prior testimony.  It is not a memory test for the – for the witness.
>
> Do you want the factual basis for the denials or do you not or do you want a memory test of the witness?  He has already testified the has no personal knowledge of these matters.  He is a 30(b)(6) witness that is providing the factual bases for the denials, which are set forth in an aid to him, so he does not have to try to memorize these.
>
> Do you want those or not?  He is not going to put the binder away and try a memory test on depositions he's reviewed, on documents he has reviewed, on policies reviewed.

Johnson Dep. Tr. 57:25-58:20.  Johnson continued to rely on the outline and repeatedly indicated he had nothing to add to what he was able to recite from the outline.

On July 8, 2010, the parties filed a join dispute letter with Magistrate Judge Shwartz in which Plaintiffs again sought sanctions on the basis of Defendants' failure to produce an adequate Rule 30(b)(6) witness to testify about the factual bases for Defendants' denials of illegal off label promotion.

C.     Magistrate Judge Shwartz's January 24, 2011 Order & Opinion

On January 24, 2011, Magistrate Judge Shwartz issued an Order denying Plaintiffs'

request for sanctions in the form of striking Defendants' Answers, deeming certain facts

established, or permitting the deposition of Defendants' attorneys.

Magistrate Judge Shwartz did, however, impose the following sanctions: (1) the re-

deposition of Rady Johnson to provide the responses required by her December and March

Orders and to answer Plaintiffs' questions on a variety of subjects; (2) the requirement that

Defendants' New Jersey counsel act as Defendants' exclusive counsel for Rady Johnson during

the deposition.;[6] (3) the striking of all objections posed during the June 15, 2010 deposition,

including those based on work product on the subject of the denial of off-label uses, and directing

that the witness shall provide answers to all question to which there have been an objection

during the June 15, 2010 deposition; (4) the requirement that Defendants pay the fees and costs

Plaintiffs incur or incurred in connection with (a) the July 8, 2010 joint dispute letter and (b)

conducting the new deposition of Rady Johnson; (5) a prohibition on Defendants' offering, at

trial, any evidence regarding their off-label denials except for: (a) the evidence disclosed in the

deposition testimony of James Gibney and Rady Johnson and (b) the evidence specifically listed

in the outline entitled "Factual Bases for Denials Relating to Off-Label Allegations;"[7] and (6) the

---

[6]  Magistrate Judge Shwartz also noted that speaking objections would be prohibited at
the second Johnson deposition and that the protocols set forth in Hall v. Clifton Precision, 150
F.R.D. 525 (E.D. Pa. 1993), shall apply.

[7]  Magistrate Judge Shwartz's order further struck from the outline "[a]ll expansive
language such as, 'including but not limited to,'" and indicated that such language "may not be
used to bring in other evidence."

requirement that if disputes arise during the deposition, the parties seek Court intervention or waive the right to seek further relief.

In the Opinion setting forth the reasoning behind her January 24, 2011 ruling, Magistrate Judge Shwartz found that Defendants had not satisfied their duties under Rules 37 and 30(b)(6) insofar as they had "taken no responsibility for preparing a Rule 30(b)(6) witness, but relied entirely on the knowledge of their PHV counsel, whose comments made it appear that the client had no responsibility for the content of the Answers either." January 25, 2011 Opinion at 21 (Dkt. No. 410).

Magistrate Judge Shwartz also concluded that "the use of an outline created entirely by litigation counsel contradicts the purpose of Rule 30(b)(6) and turned the witness here into something even less than a 'mere document gatherer....'" Id. (quoting Wilson v. Lakner, 228 F.R.D. 524, 530 (D.Md. 2005)).  Further, "the outline and conduct of PHV counsel during the deposition reflect that the corporation and its counsel have inverted their respective roles and duties....[I]t appears that PHV counsel have 'manufacture[d] the corporation's contentions' rather than having the antitrust defendants designate a person to speak about the facts and their contentions." January 25, 2011 Opinion at 22 (quoting United States v. Taylor, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996)).

Magistrate Judge Shwartz also made note of "other acts" contributing to her conclusion that Defendants had violated Rule 30(b)(6) and the Court's prior orders.  January 25, 2011 Opinion at 22-29.  She concluded that PHV Counsel "made dozens of improper objections" at Johnson's deposition and found that:

even the simplest of questions became an opportunity for PHV counsel to interject information to share with the deponent; add to the deponent's answers; contribute his own nuanced views of the testimony, facts, pleadings, or the criminal information – notwithstanding the deponent's answers; interrupt plaintiffs' counsel mid-question; express his umbrage at having to defend the antitrust defendants' denials; and make speaking objections.  By the Court's count, more than 20% of the transcript [of the Johnson deposition] is taken up by PHV counsel speaking during this deposition.

Id. at 24-28.

Defendants now appeal and seek to vacate Magistrate Judge Shwartz's January 24, 2011 Order or, in the alternative, to narrow the scope of the sanctions imposed.

## DISCUSSION

A Magistrate Judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law.  See Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986) (citing 28 U.S.C. § 636(b)(1)(A)); see also Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).

"A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. 'A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (quoting Agricultural Services Ass'n, Inc. v. Ferry-Morse Seed Co., 551 F.2d 1057, 1071 (6th Cir. 1977) (quoting United States v. Gypsum Co., 333 U.S. 364, 395, (1948))).

Federal Rule of Civil Procedure 30(b)(6) permits a corporation to designate one or more representatives who will testify on its behalf.

"[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), 'producing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d)."  Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000) (quoting Taylor, 166 F.R.D. at 363).

I.      JOHNSON AS RULE 30(b)(6) WITNESS
        AND HIS RELIANCE ON COUNSEL'S OUTLINE

The Magistrate Judge found that Johnson was not a properly prepared Rule 30(b)(6) witness and improperly relied upon the outline prepared by counsel, to the extent that he was a mouthpiece for counsel and not for Pfizer.  As a result, Defendants were deemed to have failed to produce a Rule 30(b)(6) witness.  See Black Horse Lane, 228 F.3d at 304.

Defendants appeal these findings, arguing that Johnson was properly prepared by counsel to testify on the subjects noticed for his deposition.  Defendants rely on the line of case law indicating that Rule 30(b)(6) witnesses need not have personal knowledge of the subjects about which they are deposed.  For example, in Gucci America, Inc. v. Exclusive Imports Intern, No. 99 Civ.11490 (RCC), 2002 WL 1870293, (S.D.N.Y. Aug. 13, 2002), the court noted that "[b]ecause Rule 30(b)(6) witnesses testify on the corporation's behalf, courts routinely hold that such deponents need not have personal knowledge on a given subject, so long as they are able to convey the information known to the corporation."  Id. at *8.

While a Rule 30(b)(6) deponent need not have personal knowledge of every subject noticed for his deposition, he:

> has "an affirmative obligation to educate himself as to the matters regarding the
> corporation."  This includes all matters that are known or reasonably available to
> the corporation. Even if the documents are voluminous and the review of the

9

documents would be burdensome, the deponents are still required to review them
in order to prepare themselves to be deposed.

Concerned Citizens v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004) (quoting

Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36 (D. Mass. 2001)).

The case law also indicates the appropriate role of an attorney in preparing a Rule

30(b)(6) deponent.  "The attorney for the corporation is not at liberty to manufacture the

corporation's contentions. Rather, the corporation may designate a person to speak on its behalf

and it is this position which the attorney must advocate."  Taylor, 166 F.R.D. at 361-62 (noting

that if a corporation "wishes to assert a position based on testimony from third parties, or their

documents, the designee still must present an opinion as to why the corporation believes the facts

should be so construed.").

In re Vitamins Antitrust Litig., 216 F.R.D. 168 (D.D.C. 2003), is instructive.  There, the

court found that a corporate party failed to meet its obligations under Rule 30(b)(6) where the

witness depose "lacked personal knowledge," had "made no effort to obtain such knowledge"

and relied on timelines prepared by counsel about which he "had no knowledge of the facts

learned by counsel that formed the basis of the timelines, and he could not testify as to the

accuracy of the timelines in reflecting those facts."  Id. at 173.

Here, the record fully supports Magistrate Judge Shwartz's conclusion that Johnson was

not a genuine Rule 30(b)(6) deponent.  Indeed, a review of the transcript of his June 15, 2010

deposition necessitates the conclusion that Johnson did not fulfill his "affirmative obligation" to

educate himself as to "all matters that are known or reasonably available to the corporation."  See

Belle Haven Club, 223 F.R.D. at 43 (D. Conn. 2004).

In an opinion which cites heavily to Johnson's deposition transcript, Magistrate Judge

Shwartz concluded that:

> the record dispels any assertion that Johnson is uniquely qualified to give Rule
> 30(b)(6) testimony. His preparation consisted of reviewing documents received
> from and meeting with PHV counsel. (See Johnson Dep. 18:2–13, 19:5–18,
> Johnson Decl. ¶¶ 3, 5.) He was himself not involved in the preparation of the
> Answers and knew no one at Pfizer/Warner- Lambert who was. (Johnson Dep.
> 28:12–17.) As for his involvement in the antitrust defendants' 2004 criminal plea,
> Johnson stated that he was the "day-to-day guy" (Johnson Dep. 40:15–22) and
> that he was involved in coordinating corporate personnel with outside counsel,
> understanding the elements of the plea agreement, and securing approval of the
> agreement with the company's decision-makers. (See Johnson Dep. 40:2–6;
> 44:8–12.) The rest of the record, however, belies giving him too much credit for
> this role. Johnson did not know whose decision it was to approve the plea (id. at
> 41:15–24), did not know or remember participating in negotiating or dictating the
> contents of the plea agreement (id. at 44:25–45:6), and did not appear to know
> how a guilty plea works (id. at 47:3–9 ("Q: And is it your understanding that by
> pleading guilty Warner-Lambert was admitting all the facts and allegations
> contained in the information? A: If that is how the pleas work, then –.") Finally,
> he did not initially recognize the plea agreement when it was handed to him. (See
> id. at 43:16–25.)

January 25, 2011 Opinion at 16-17.

Johnson's testimony supports the Magistrate Judge's conclusion that he lacked basic

knowledge about Pfizer's guilty plea to illegal off-label promotion and was totally unaware of

how denial of that conduct came to be included in Defendants' Answers.

Furthermore, Johnson's preparation for his deposition was wholly limited to meeting with

PHV Counsel and reviewing documents PHV Counsel provided, including the outline. His

escessive use of that outline at the deposition – which essentially involved reading from the text

prepared by counsel – indicated that he was not familiar with the underlying material and was

merely parroting what he had been told.[8]  Based on the record on appeal, it is clear that

Magistrate Judge Shwartz correctly concluded that Johnson's testimony was merely "a recitation

of a document that PHV counsel prepared."  January 25, 2011 Opinion at 17.  Indeed,

> [w]hen the plaintiffs asked Johnson to put the outline away, PHV counsel would
> not let Johnson testify without it. (See id. at 58:16–20.) When the plaintiffs asked
> Johnson whether he could answer the questions without the outline, Johnson
> stated that he needed it "as an aid . . . to organize my thoughts" (id. at 59:5–7) and
> "to make sure I am providing you with the complete answer." (Id. at 62:20–24;
> see also id. at 63:7–9 (stating "to ensure that I provide you a full answer").
>
> Although the deponent said he needed it to organize "his" thoughts and PHV counsel
> professed that the deponent was not simply repeating the outline, Johnson
> essentially began reading from the outline to answer questions about specific

---

[8]  Defendants repeatedly contend that a deposition is not a "memory contest" and point to
cases in which deponents were permitted to rely on extensive aids to help them testify as to
complex matters.  This line of argument misstates the issue before this Court on appeal.  The
question is not whether Johnson is required to memorize the information contained in the outline
– clearly, he is not – or is permitted to use an outline to assist him during his testimony.  The
question is the extent to which Johnson is merely a mouthpiece for PHV Counsel, unable to
provide helpful answers to questions about what the corporation knew and how the corporation
came to deny illegal off-label promotion in its Answer.

Defendants' reliance upon Sprint Communications Company v. Theglobe.com, Inc., 236
F.R.D. 524, 529 (D. Kan. 2006), is similarly misplaced.  In Sprint, the plaintiff argued that it
could not produce a Rule 30(b)(6) witness because the inventor with knowledge of the deposition
topics noticed had died and the only other individuals with knowledge were attorneys involved in
the litigation.  Id. at 526-27.  The court held that plaintiff could "choos[e] one or more
non-attorney deponents – regardless of prior and/or personal knowledge regarding the subject
matter-and having them review memoranda, notes, applications, documents and all other matters
'reasonably available' to the corporation."  Id. at 529.  In response to plaintiff's contention that
any knowledge such deponents would gain from counsel would be privileged, the court wrote
that "[w]hen a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to
corporate knowledge, the employee must provide responsive underlying factual information even
though such information was transmitted through or from corporate lawyers."  Id.  In Sprint, the
information at issue was attributable to the corporation, but the death of the relevant witness
necessitated a lawyer's conveying that information to a different Rule 30(b)(6) deponent.  Here,
it appears that the information itself was generated by counsel; there is no evidence from
Johnson's or Gibney's deposition as to what information was ever in the possession of Pfizer
itself.

        allegations. (<u>Compare</u> Johnson Dep. 71:5–73:5 with Outline 9–12, ECF No. 362,
        Ex. B.)....When asked if he would add anything besides what was in the outline,
        Johnson usually answered no or some variation of "not at this time." (<u>See, e.g.</u>,
        Johnson Dep. 166:11–14, 169:5–13, 195:25–201:15; <u>see also id.</u> at 190:18–191:8
        ("A: No, the basis of our denial includes all the information on these pages but is
        not necessarily limited to that information, but we have nothing to add at this
        point").)

January 25, 2011 Opinion at 18.

        Johnson's seeming inability to testify as to the corporate knowledge – as opposed to the

knowledge of PHV Counsel – is particularly troubling in light of the concern raised by

Magistrate Judge Shwartz that "defendants themselves were not actually aware of their denials

regarding off-label uses when they submitted their Answers on November 3, 2009, nor did they

have knowledge of any facts to support them."  January 25, 2011 Opinion at 19.  Johnson – like

Gibney – was not able to answer the question of whether anyone at the company knew of factual

information in support of the denials or signed off on the denials being inserted into the Answer.

Part of the goal of ordering a new deposition is to ensure that these answers are provided.[9]

## II.    <u>WORK PRODUCT PROTECTION</u>

        Defendants also appeal Magistrate Judge Shwartz's decision to strike all objections

lodged at Johnson's June 15, 2010 deposition, particularly those based on work product

protections.  The Magistrate Judge found that "there has been a waiver of ordinary work product

---

       [9]  Defendants argue that these are "process" questions are beyond the scope of what was
noticed for Johnson's deposition.  Magistrate Judge Shwartz ordered that the deponent "provide
facts upon which [Pfizer] has denied off label uses. This witness shall also be prepared to provide
the factual basis and explanation as to how the denials in its Answer regarding off-label uses and
the marketing of the product for off label uses is consistent with its public actions, including but
not limited to its guilty plea and marketing activity."  April 15, 2010 Order (Dkt. No. 318).  How
the denial of off label promotion came to be included in the Answer is appropriately part of this
inquiry and is relevant to the underlying litigation.

protection on the subject of the denial of off-label uses, and there is a substantial need to pierce the work product shield."  January 25, 2011 Opinion at 36.

While Defendants seek to continue to assert the objections they lodged at the June 15, 2010 deposition, they do not contend that the outline itself constitutes work product.  In essence, Defendants argue that the underlying facts discussed in the outline cannot be work product and thus the outline – a compilation of those facts – is not work product either.  As a result, they contend, disclosure of the outline at Johnson's deposition did not waive their right to work product protection as to preparation done for the Johnson deposition.

Contrary to Defendants' arguments, the Magistrate Judge correctly concluded that the outline is work product.  Magistrate Judge Shwartz wrote that "PHV counsel allegedly sifted through "millions" of documents (see Johnson Dep. 78:13–20), composed an outline embodying that distillation of documents, and gave that work product directly to its adversaries."  January 25, 2011 Opinion at 38.  Because the outline reflects PHV counsel's selection, compilation and organization of various documents relating to Defendants' off-label use promotion, it is clearly a guide to PHV Counsel's impressions of the factual landscape surrounding Defendants' off-label promotion and guilty plea.  See Cordy v. Sherwin-Williams Co., 156 F.R.D. 575, 581 (D.N.J. 1994) (noting that "[t]he selection process used to assemble [a binder of documents provided to an expert], and the grouping of the photographs and documents represent the mental impressions of [p]laintiff's counsel and are protected work product") (citing Sporck v. Peil, 759 F.2d 312, 315 (3d Cir. 1985).

Accordingly, by (1) having the deponent read the outline as his answers at the June 15, 2010 deposition; (2) counsel's refusal to allow the deponent to answer questions without the

14

outline; (3) turning over the outline to Plaintiffs' counsel; and (4) counsel's statement on the record at the June 15, 2010 deposition as to the process of creating the outline – specifically that the document contained "facts that [counsel] marshaled for the witness," Johnson Dep. Tr. 54:24-55:3, Defendants' effectively waived work-product protection as to the outline and counsel's processes in compiling it.  See Cooper Health Sys. v. Virtua Health, Inc., 259 F.R.D. 208, 215 (D.N.J. 2009) ("The essential question with respect to waiver of work product is whether the material has been kept away from adversaries.").

Defendants contend that disclosure of the facts relevant to the denials of off-label promotion in their Answers do not waive protection of the discussions between counsel and Johnson in preparation for Johnson's deposition.  Indeed, counsel asserted several work product objections at the deposition designed to prevent Johnson from answering questions about his communications with counsel.[10]  See e.g., Johnson Dep. Tr. 54:13 - 54:20, 100:9-102:10.  The Magistrate Judge concluded that Defendants had put these communications at issue by "relying on counsel's collection of facts and then (2) simultaneously using work product protection to block discovery of facts regarding those bases." January 25, 2011 Opinion at 39-40.

Even if this Court were to be persuaded by Defendants' objections to this finding of a waiver of the work product privilege, Magistrate Judge Shwartz struck the work product objections on an alternate basis: Plaintiffs' substantial need to pierce the work product shield.  She concluded that:

---

[10]  Although many of the questions involved communications with counsel, PHV Counsel appears to have asserted only work product – and not attorney-client privilege – objections at the deposition.  The Magistrate Judge's ordering of a second deposition of Johnson should not be taken as an invitation to defense counsel to assert a new round of objections as to these same issues.

the plaintiffs seek only the factual basis for the antitrust defendants' denials and not the strategies or evaluations of counsel. Substantial need exists because, by the antitrust defendants' own admission, the only source to probe to reconcile their off-label use denials with their public actions and criminal guilty plea is counsel's work product since apparently no one at the company is able to do so. (See Johnson Dep. 65:25–66:3, 67:–69:8.) On two occasions, the antitrust defendants have passed on their responsibility to provide Rule 30(b)(6) witnesses to answer these basic questions and chose instead to produce counsel's work product and read from it to provide responses to questions. (See, e.g., id. at 71:5–73:5.) Because this information is fundamental to the plaintiffs' claims and ability to challenge the antitrust defendants' defenses and the plaintiffs have no other means to obtain this information, the Court finds that substantial need exists to pierce work product protection.

January 25, 2011 Opinion at 42.

The record supports the Magistrate Judge's conclusion.  Defendants were first ordered to produce a Rule 30(b)(6) witness to testify about the factual bases for their denial of illegal off-label promotion on December 9, 2009.  One and a half years later, they still have not complied with this directive.  Indeed, the two witnesses Defendants have produced have only served to further muddy the record and to indicate that the actions of counsel are relevant to this inquiry.  Accordingly, Plaintiffs have demonstrated a "substantial need" for the underlying work product and an "inability to obtain the equivalent without undue hardship," see Upjohn Co. v. United States, 449 U.S. 383, 400 (1981), and the Magistrate Judge correctly concluded that based on this need, the striking of all work product objections asserted at the June 15, 2010 deposition is appropriate.

III.   THE SANCTIONS IMPOSED

Defendants seek, in the alternative to vacating the Magistrate Judge's January 24, 2011 Order, to narrow the scope of the sanctions imposed.  Specifically, Defendants seek either to have any additional deposition of Johnson limited to questions about how their Answers were

prepared or to be permitted to answer any remaining questions through contention interrogatories.

The sanctions imposed by the Magistrate Judge in this case were carefully crafted to address the issues that have arisen with regard to the inadequacy of Defendants' Rule 30(b)(6) witnesses.  In fact, in her January 24, 2011 Order and the supporting Opinion, Magistrate Judge Shwartz rejected Plaintiffs' request for broad sanctions that would have struck Defendants' Answers, deemed certain facts established and permitted the deposition of Defendants' attorneys. Instead, she narrowly tailored the sanctions imposed to address the specific problems raised by the Johnson deposition, as is required by the case law.  See Klein v. Stahl GMBH & Co., 185 F.3d 98, 108 (3d Cir. 1999) (noting that judicial sanctions are appropriate "only [] when the sanction is 'tailored to address the harm identified'") (quoting Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1995)).  Defendants present no legal basis upon which to conclude that the alternatives they propose are better suited to the facts of the instant dispute than the sanctions imposed by the Magistrate Judge.

While this Court affirms the Magistrate Judge's ruling, it takes exception to the narrow portion of the Magistrate Judge's January 24, 2011 Order in which she prohibits Defendants from offering at trial any evidence regarding their off-label denials except for: (a) the evidence disclosed in the deposition testimony of James Gibney and Rady Johnson and (b) the evidence specifically listed in the outline entitled "Factual Bases for Denials Relating to Off-Label Allegations.

In In re Gabapentin Patent Litigation, MDL No. 00-2931 (FSH), the related patent infringement action brought by Defendants in this action, this Court held that "[w]ith respect to

17

the criminal conviction for off-label marketing, [p]laintiffs cannot claim that the conduct that was the basis of their guilty plea did not occur." In re Gabapentin Patent Litigation, MDL No. 00-2931 (FSH), May 12, 2011 Opinion and Order at 7-8 (D.N.J.) (Dkt. No. 1154).  Accordingly, Pfizer and Warner Lambert were "estopped from denying their guilty plea and the factual basis for that plea." Id. at 8.

While this issue has not yet been raised in the context of this litigation, this Court fully expects that the issue will be the subject of a summary judgment or in limine motion as this case proceeds.  The Magistrate Judge has narrowed the world of potential evidence that might be presented at trial as to Defendants' off-label denials to the evidence disclosed in the Gibney and Johnson Depositions and in the outline prepared by PHV Counsel.  However, this shall not be construed as a ruling that such evidence is admissible or can be offered; that question will be addressed by this Court at the appropriate time.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 9th day of June, 2011,

**ORDERED** that the January 24, 2011 Order and supporting opinion issued by Magistrate Judge Shwartz is **AFFIRMED**.

The Clerk of the Court is directed to terminate the motions: Docket No. 420.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**